Filed 3/1/24

**CERTIFIED FOR PARTIAL PUBLICATION***

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br>v.<br><br>LAMAR DUANE ROBINSON,<br><br>    Defendant and Appellant. | A165379<br><br>(Sonoma County Super. Ct. No. SCR7490361) |

Lamar Duane Robinson pleaded nolo contendere to two felonies pursuant to a negotiated plea agreement. In this appeal, he challenges the resulting judgment of conviction on three closely related grounds: (1) ineffective assistance of counsel (IAC), based on his attorney's failure to request pretrial mental health diversion (Pen. Code, § 1001.36);[1] (2) the trial court's alleged violation of its purported sua sponte duty to consider Robinson's eligibility for such diversion; and (3) the retroactive effect of recent amendments to the mental health diversion statute. In the published part of this opinion we reject Robinson's claims for failure to procure a certificate of probable cause. The judgment is affirmed.

---

\* Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of parts 2 and 3.

[1] All undesignated statutory references are to the Penal Code. All "rule" references are to the California Rules of Court.

## BACKGROUND

On March 2, 2022, Robinson pleaded no contest to carrying a concealed dirk or dagger (§ 21310) and grand theft from person (§ 487, subd. (c)). He also admitted a prior serious or violent felony conviction under section 1170.12. After denying Robinson's motion to strike the prior conviction, the trial court sentenced him to an aggregate term of five years and four months in state prison. Robinson filed his notice of appeal on May 26, indicating that the appeal was "based on the sentence or other matters occurring after the plea that do not affect the validity of the plea. ([R]ule 8.304(b).)" There was no certificate of probable cause.

## DISCUSSION

### 1. *A Certificate of Probable Cause Is Required for Claims of Error Concerning Pretrial Mental Health Diversion Under Section 1001.36*

Robinson contends that no certificate of probable cause is required to raise his IAC claim. According to him, his counsel committed IAC by failing to request pretrial mental health diversion. We disagree.

"No appeal shall be taken by the defendant from a judgment of conviction upon a plea of . . . nolo contendere, . . . except where both of the following are met: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings. [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court." (§ 1237.5.) A certificate of probable cause is not "required for an appeal based on . . . [¶] . . . [¶] [t]he sentence or other matters occurring after the plea or

2

admission that do not affect the validity of the plea or admission." (Rule 8.304(b).)

Here, the appeal is from a judgment of conviction based on Robinson's no-contest plea, but he lacks a certificate of probable cause. Consequently, Robinson argues that the appeal is based on the "sentence or other matters occurring after the plea . . . ." (*Ibid*.) However, our high court has recently clarified that a defendant is only eligible for pretrial mental health diversion " 'until adjudication' " (§ 1001.36, subd. (f)(1)) — a phrase that " 'encompasses both a *plea hearing* and an adjudication by trial.' " (*People v. Braden* (2023) 14 Cal.5th 791, 810 (*Braden*) italics added.) Thus, given the rule set forth in *Braden*, an attorney's failure to request pretrial mental health diversion cannot, by definition, be a "matter occurring after the plea." (Rule 8.304(b).) Raising that issue therefore requires a certificate of probable cause. For the same reason, a certificate of probable cause is also required for Robinson's claim concerning the trial court's purported *sua sponte* duty to consider mental health diversion.

Seeking to escape the conclusion that his claims are barred for lacking a probable cause certificate, Robinson relies on *People v. Hill* (2021) 59 Cal.App.5th 1190. There, our colleagues in Division Three of this court held that "no certificate of probable cause was required" for a similar IAC claim because it did "not attack the validity of [the] plea and instead challenge[d] the trial court's sentencing discretion relating to the application of section 1001.36 . . . ." (*Id*. at p. 1195.) But after our Supreme Court decided *Braden* in the wake of *Hill,* such claims do not fall within any exception to the requirement for a certificate of probable cause. However much a more expansive reading of the phrase "until adjudication" might have to recommend it (*Braden*, supra, 14 Cal.5th at pp. 825–838 (dis. opn. of Evans,

J.)), that ship has passed. As we read the law today, *Braden* implicitly abrogated *Hill*.[2] Robinson's appeal of his failure to receive mental health diversion under section 1001.36 thus fails for lack of a certificate of probable cause.

## 2. *Robinson's First Two Claims Fail on Their Merits*

We do not decide whether we could or should excuse Robinson's failure to obtain a probable cause certificate because his claims fail on their merits anyway. Ineffective assistance of counsel has occurred only where the appellant can show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (*Strickland v. Washington* (1984) 466 U.S. 668, 694.) Here, as we observe below in our treatment of Robinson's third claim, there is no evidence in the record that Robinson was ever diagnosed with a mental health disorder, even though such a diagnosis was a prerequisite to mental health diversion under former section 1001.36, subdivision (b)(1)(A). Thus, because Robinson cannot show a reasonable probability that he would have been granted mental health diversion if his counsel had requested it, he cannot satisfy the prejudice requirement of an IAC claim.

---

[2] In light of *Braden*, there is also reason to doubt *Hill*'s conclusion that a claim of error concerning mental health diversion does not " 'constitute an attack on the validity of the plea . . . .' " (*Hill, supra,* 59 Cal.App.5th at p. 1195, quoting *People v. Buttram* (2003) 30 Cal.4th 773, 791 (*Buttram*).) The IAC claim raised in this appeal illustrates why. Robinson argues that his counsel should have requested mental health diversion. Aided by *Braden*, it follows that such a request could only have been made before Robinson pleaded no contest. Therefore, if Robinson's counsel had successfully made the request contemplated by Robinson's IAC claim, Robinson never would have entered that plea. Arguably, then, an IAC claim like Robinson's "is *in substance* a challenge to the validity of the plea, thus rendering the appeal subject to the requirements of section 1237.5." (*Buttram,* at p. 782.)

4

As for the claim concerning the trial court's purported *sua sponte* duty to consider mental health diversion, Robinson concedes in his reply that it "is largely untenable" following *Braden, supra*, 14 Cal.5th at page 814: " 'Nowhere . . . does the scheme mandate a sua sponte duty for trial courts to consider mental health diversion' (*People v. Banner* (2022) 77 Cal.App.5th 226, 235), and the court's decision to refer the defendant to mental health diversion is discretionary (§ 1001.36, subd. (a))." (*Braden*, at p. 814.) For those reasons, we reject Robinson's first two claims.

### 3. *Robinson Is Not Entitled to Remand Based on Recent Amendments to Section 1001.36*

Robinson argues that recent amendments to section 1001.36 apply retroactively and entitle him to a hearing on his eligibility for mental health diversion. The People concede that the amendments apply retroactively and we accept the concession. But because Robinson has not shown that the amendments would alter the result in his case, we deny his request for remand.

At the time of Robinson's plea, section 1001.36, subdivision (b)(1)(B), provided that a defendant could be eligible for mental health diversion if "the court [was] satisfied that the defendant's mental health disorder was a significant factor in the commission of the charged offense." Today, after the changes wrought by Senate Bill No. 1223 (SB 1223), a defendant is eligible for mental health diversion "if [their] mental disorder was a significant factor in the commission of the charged offense"—and there is a rebuttable presumption that it *was* such a factor "[i]f the defendant has been diagnosed with a mental disorder." (§ 1001.36, subd. (b)(2), italics added.)

But here, nothing in the record suggests that Robinson was diagnosed with any mental health disorder, including the substance use disorder he now

claims on appeal. Moreover, Robinson had every incentive to furnish such a diagnosis below because the version of section 1001.36 that was current at the time of his plea required it: "Evidence of the defendant's mental disorder shall be provided by the defense and shall include a recent diagnosis by a qualified mental health expert." (Former § 1001.36, subd. (b)(1)(A).) For that reason, we conclude that the recent amendments to section 1001.36 do not affect Robinson's case.

Finally, to the extent Robinson argues that his counsel was ineffective for failing to seek a diagnosis that would qualify him for diversion, we reject the claim. In order to prevail on an IAC claim, "the defendant must" first "show that counsel's performance was deficient." (*Strickland v. Washington*, *supra*, 466 U.S. 668 at p. 687.) On appeal, this showing must be "based upon the four corners of the record." (*People v. Cunningham* (2001) 25 Cal.4th 926, 1003.) Here, the record does not affirmatively disclose the fact of counsel's alleged failure to seek a diagnosis or, for that matter, the reasons why counsel might not have done so. Any expansion of the record in this regard would require the filing of a petition for writ of habeas corpus. (*People v. Snow* (2003) 30 Cal.4th 43, 122.)

## DISPOSITION

The judgment is affirmed.

HIRAMOTO, J[*]

WE CONCUR:

---

[*] Judge of the Superior Court of California, County of Contra Costa, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

STREETER, ACTING P. J.

GOLDMAN, J.

*People v. Robinson* (A165379)

## *People v. Robinson* **(A165379)**

Trial Court:          Sonoma County

Trial Judge:          Hon. Troye Shaffer

Attorneys:

       Matthew J. Watts for Defendant and Appellant.

       Rob Bonta, Attorney General of California, Lance E. Winters, Chief Assistant Attorney General, Jeffrey M. Laurence, Senior Assistant Attorney General, Arthur P. Beever, Deputy Attorney General, Linda M. Murphy, Deputy Attorney General for Plaintiff and Respondent.